IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


VIVIAN FAY WRAY,

        Plaintiff,

v.                                    Civil Action No. 5:12CV16
                                                       (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

    On March 6, 2007, the plaintiff in this civil action filed an

application for disability insurance benefits ("DIB") under Title

II of the Social Security Act, claiming that she suffered from

disability beginning March 2, 2006.   The plaintiff claimed

disability as a result of back injury, bulging and compressed

discs, depression, and emotional issues.   Her application was

denied both initially and upon reconsideration.   On December 19,

2008, the plaintiff requested a hearing and such hearing was held

on May 11, 2010 before Administrative Law Judge ("ALJ") George A.

Mills, III.   The ALJ affirmed the denial of benefits on the grounds

that the plaintiff was not disabled as that term is defined by the

Social Security Act.   The plaintiff then requested a review by the

Appeals Council but was denied.

Thereafter, the plaintiff filed this action against the Commissioner of Social Security ("Commissioner") seeking judicial review of the adverse decision entered against her. After filing her complaint with this Court, the plaintiff filed a motion for summary judgment. The defendant did not respond to this motion, but the defendant did file a separate motion for summary judgment. United States Magistrate Judge James E. Seibert reviewed the plaintiff's complaint, the motions by the parties and the administrative record, and issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this matter be dismissed. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff thereafter filed timely objections to all the magistrate judge's finding.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

unless they are clearly erroneous. Because the plaintiff filed objections to the entirety of the magistrate judge's report and recommendation, this Court will undertake a de novo review of all of the magistrate judge's findings.

## III.  Discussion

In plaintiff's motion for summary judgment, the plaintiff argues that: (1) the ALJ failed to follow the treating physician rule, as he only afforded the treating physician's medical opinion little weight; (2) the ALJ failed to give adequate consideration to the claimant's knee impairment given her obesity and the cumulative effect of the plaintiff's impairments; and (3) the ALJ failed to properly evaluate the plaintiff's credibility, as his credibility finding did not comport with the requirements of 20 C.F.R. § 404.1529(c)(4). The Commissioner's motion for summary judgment, however, asserts that substantial evidence supports the ALJ's evaluations.

Concerning the plaintiff's first argument regarding the weight given to the treating physician's medical opinion, the magistrate judge found the ALJ's objective findings led the ALJ to discredit opinion of the treating physician, Dr. Foy, and such decision was supported by substantial evidence. The magistrate judge indicated that the Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." Further, he correctly noted that the medical opinion of

the plaintiff's treating physician is entitled to great weight and may only be disregarded if there is persuasive contradictory evidence. Evans v. Heckler, 734 F.2d 1012, 1015 (4th Cir. 1984). Such is the case because, as the magistrate judge indicates, a treating physician has examined the applicant and has a treatment relationship with him or her. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). However, as the magistrate judge asserted, such opinions may still be disregarded if there is persuasive contradictory evidence. Evans, 734 F.2d at 1015. The magistrate judge stated that regarding whether such opinions of a treating physician should be given controlling weight, the opinion must be well-supported by medically acceptable clinical and laboratory diagnostic technics, and not inconsistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2); Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 2001). As the magistrate judge also indicates, however, opinions as to ultimate issues, like residual functional capacity ("RFC") and disability status under the regulations, are reserved exclusively to the ALJ. 20 C.F.R. §§ 404.1527(e)(1)-(3), 416.927(e)(1). Here, the magistrate judge found that the ALJ did not err by giving little weight to Dr. Foy's opinion on whether the plaintiff was disabled as that issue is reserved for the Commissioner. Further, he found that based on the other medical opinion testimony from other non-treating physicians,

there was substantial evidence to support the ALJ's decision to discredit Dr. Foy's testimony.

The plaintiff objects to the magistrate judge's finding that the ALJ properly followed the treating physician rule. The plaintiff argues that instead of evaluating Dr. Foy's opinion to determine if it was consistent with the medical evidence, the ALJ evaluated Dr. Foy's assessment against his interpretation of the medical records. Specifically, the plaintiff takes issue with the ALJ using the MRI findings, which found only "mild" impairments, to discredit Dr. Foy's testimony regarding the plaintiff's impairments. Further, the plaintiff argues that the ALJ's evaluation of the medical evidence is deficient in that it failed to actually state how much weight he gave to any of the other physicians who provided evidence regarding the plaintiff's claim.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mut. Mining, Inc., 80

5

F.3d 110, 113 (4th Cir. 1996) (quoting <u>Consolo v. Fed. Mar. Comm'n</u>, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment and, after a <u>de novo</u> review, concurs with the magistrate judge that the ALJ's finding concerning whether the ALJ complied with the treating physician rule was supported by substantial evidence. As the magistrate judge indicated, the ALJ went through the various medical evidence he used in making her determination in detail. <u>See</u> ECF No. 11 Ex. 2 *23. Such evidence included but was not limited to the ALJ noting that one doctor found the plaintiff's spine impairments to be "mild in nature," as well as another doctor stating that an MRI showed "only mild disc degeneration and minimal bulging at L4-5." <u>Id.</u> This Court finds that such statements and other evidence that was in conflict with the severity of the plaintiff's impairments asserted by Dr. Foy provided substantial evidence to allow the ALJ to discredit Dr. Foy's testimony. There is no evidence that the ALJ was interpreting the medical evidence rather than evaluating it. Further, this Court finds that the ALJ did not fail to explain how much weight he gave to the other physicians' opinions. Specifically, he stated, "State agency reviewing mental consultants have opined that the claimant had no more than moderate limitations in work-related mental activities. The undersigned finds these

opinions consistent with the medical evidence of record." ECF No.

11 Ex. 2 *26. Moreover, the ALJ stated,

> The opinions of the state agency reviewing consultants
> that the claimant retained the residual functional
> capacity for a range of light exertional work have been
> considered. Although these findings are likely accurate,
> the undersigned has given the claimant the benefit of all
> doubt and considered her subjective complaints to reduce
> her residual functional capacity to a range of sedentary
> work.

ECF No. 11 Ex. 2 *25. Such statements indicate the weight provided

to the other physician's opinions.

In regards to the plaintiff's next argument in her summary

judgment motion, the magistrate judge first found that plaintiff's

assertion that the ALJ provided a mere cursory review of

plaintiff's obesity was without merit. The magistrate judge

indicated that the ALJ's decision demonstrates that he evaluated

and considered the plaintiff's obesity in determining the

plaintiff's RFC. The magistrate judge next found that the ALJ also

properly evaluated her combination of impairments, noting the

specific instances of such evaluation in the ALJ's opinion.

The plaintiff objects to the magistrate judge's findings

stating that the ALJ's mere "lip-service" to the requirements of

SSR 02-1p was insufficient given her extreme obesity and left knee

impairment. This Court has reviewed the record, as well as the

parties' motions for summary judgment, and after a de novo review,

concurs with the magistrate judge, as the ALJ properly evaluated

the combination of impairments and properly considered the

7

plaintiff's obesity in determining the plaintiff's RFC.  The ALJ

must consider the impact of a claimant's obesity on his RFC.  Hess

v. Astrue, 2:09-cv-124, 2010 U.S. Dist. LEXIS 29986, *5-6 (S.D.

Ohio Mar. 29, 2010).  The ALJ specifically states that in making

his finding he "considered all symptoms and the extent to which

these symptoms can reasonably be accepted as consistent with the

objective medical evidence and other evidence."  ECF No. 11 Ex. 2

*22.  He then goes on to discuss the medical evidence concerning

the plaintiff's obesity and knee injury.  See ECF No. 11 Ex. 2 *24.

Moreover, initially the ALJ discussed the plaintiff's obesity in

detail and determined that the plaintiff "failed to establish that

the effects of her obesity result in a combination of impairments

that satisfy the requirements of any of the impairments detailed in

Appendix 1."  Id. at *20.  The ALJ stated that he had "considered

the effects of claimant's obesity" at every step in the evaluation

process as required by SSR 2-01p.  Id.  This Court finds that this

detailed discussion of the plaintiff's obesity and its effects does

not amount to mere "lip-service" and satisfies the ALJ's

responsibilities under the regulations.

As to the plaintiff's third argument in her summary judgment

motion, the magistrate judge found that the ALJ's decision not to

fully credit the plaintiff's statements about her symptoms was

consistent with the objective medical record.  As the magistrate

judge pointed out, while the ALJ must consider the plaintiff's

statements, he need not credit them to the extent they are inconsistent with the objective medical evidence or to the extent the underlying objective medical impairment could not reasonably be expected to cause the symptoms alleged. Craig, 76 F.3d at 595. The magistrate judge further noted that "[b]ecause [the ALJ has] the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (7th Cir. 1984) (citation omitted). The magistrate judge found that the ALJ met the test in Craig for discrediting the plaintiff's statements, as they were inconsistent with the objective medical record.

The plaintiff objects to the magistrate judge's findings, stating that the magistrate judge's credibility review was flawed. The plaintiff first asserts that the MRIs were not inconsistent with the plaintiff's symptoms. Second, she states that the claim by Dr. Douglas concerning the plaintiff being a poor candidate for surgery does not impeach the plaintiff's credibility. Lastly, the plaintiff claims that the fact that she receives pain medications from her primary care physician and not a pain management specialist is not relevant to evaluating the credibility of her pain claims. She states that the pain medications prescribed are not less effective because they come from a different doctor and

9

further, she states that there are other reasons that she may not see a specialist, such as financial issues.

This Court has reviewed the record, as well as the parties' motions for summary judgment and, after a <u>de novo</u> review, concurs with the magistrate judge's finding that the ALJ's decision to not fully credit the plaintiff's statements was consistent with the objective medical record.  As noted above, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" <u>Mut. Mining, Inc.</u>, 80 F.3d at 113 (quoting <u>Consolo</u>, 383 U.S. at 620 (1966)).  The ALJ listed out his reasons for why he believed the plaintiff's statement were inconsistent with objective medical evidence.  <u>See</u> ECF No. 11 Ex 2 * 22.  He specifically stated that the medical evidence did not reveal any "really severe condition."  He then listed such reasons for his statement, including there being "no disc herniations, nerve root impingement or other evidence of a disabling lumbar spine condition" among other reasons for his finding.  <u>Id.</u>  This Court believes that based on the objective medical evidence listed and explained by the ALJ, his decision to not fully credit the plaintiff's statements was supported by substantial evidence.

## IV.  Conclusion

After a <u>de novo</u> review, this Court AFFIRMS and ADOPTS the magistrate judge's report and recommendation that the defendant's

motion for summary judgment be GRANTED and the plaintiff's motion for summary judgment be DENIED as to the plaintiff's second assignment of error. Thus, for the reasons stated above, the defendant's motion for summary judgment (ECF No. 15) is GRANTED and the plaintiff's motion for summary judgment (ECF No. 13) is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 5, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE